UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DARREN DEON JOHNSON,

        Plaintiff,

v.

UNKNOWN SPRAGUE et al.,

        Defendant.
_____/

Case No. 1:23-cv-553

Honorable Paul L. Maloney

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to proceed *in forma* pauperis. (ECF No. 2.) Upon review, the Court has determined that Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

Because Plaintiff is not permitted to proceed *in forma pauperis* in this matter, the Court will order him to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process,

and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Johnson v. Quist*, No. 2:12-cv-11907 (E.D. Mich. July 10, 2012); *Johnson v. Kuehne*, No. 2:12-cv-12878 (E.D. Mich. July 31, 2012); *Johnson v. Harrison*, No. 2:12-cv-12543 (E.D. Mich. Aug. 2, 2012). Plaintiff also has, on multiple occasions, been denied leave to proceed *in forma pauperis* by this Court, the United States District Court for the Eastern District of Michigan, and the Sixth Circuit Court of Appeals.

The present suit is one of scores that Plaintiff has filed during his incarceration. He has filed more than a dozen lawsuits in the federal district courts this year. This case is one of three that Plaintiff filed during the last week of May alone. Indeed, Plaintiff has filed so many frivolous lawsuits that the United States District Court for the Eastern District of Michigan has enjoined Plaintiff from filing any new action without first obtaining leave of court, Order, *Johnson v. Correctional Officer Schultz*, No. 2:22-cv-11056 (E.D. Mich. May 18, 2022), a pre-filing restriction that the Sixth Circuit Court of appeals concluded was "justified by Johnson's record of engaging in vexatious litigation . . .", Order, *Johnson v. Correctional Officer Schultz*, No. 22-1520, at 3 (6th Cir. Jan. 13, 2023).

Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's

3

> assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger *at the time he filed his complaint*, but the prisoner need not affirmatively prove those allegations. *Id.*

In his complaint, Plaintiff sues the following Richard A. Handlon Correctional Facility personnel: Correctional Officers Unknown Sprague, Unknown Curler, and Unknown Lopez; and Lieutenants Unknown Perez and Unknown Detloff. (Compl., ECF No. 1, PageID.2.) Plaintiff alleges that Defendants have violated his constitutional rights by retaliating against him for his participation in conduct protected by the First Amendment. Plaintiff has not alleged that he was physically harmed. Rather, Plaintiff states that Defendant Sprague, on May 3, 2023, threatened to forcefully handcuff Plaintiff in an "assaultive manner." (*Id*., PageID.3.) He also states that Sprague "attempted to assault Plaintiff" on some previous occasion while Plaintiff was held at the Michigan

4

Reformatory in Ionia, Michigan. Plaintiff makes no allegation of actual physical harm or even threats of physical harm by any other defendant.

Plaintiff posits that Defendant Sprague's attitude toward Plaintiff has worsened and he expects that Sprague might fly into a rage, deploy a taser on Plaintiff, and seriously injure or kill him. (Compl., ECF No. 1, PageID.4.) Plaintiff's theory regarding his imminent danger is entirely conclusory and speculative. The "threat" is "described with insufficient facts and detail to establish that he is in danger of imminent physical injury." *Rittner*, 290 F. App'x at 798 (footnote omitted). Plaintiff's speculation regarding the threat or serious injury or death that he faces is not sufficiently "real and proximate." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797). That is not to say that Plaintiff's allegations are "ridiculous . . . baseless . . . fantastic–or delusional . . . irrational or wholly incredible." *Id.* They are simply insufficient.

Absent a proper allegation of imminent danger of serious physical injury, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:   August 2, 2023                              /s/ Paul L. Maloney
                                                                            Paul L. Maloney
                                                                            United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**